United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

**Information to identify the case:**

| Debtor 1 | MARK L. ABBOTT | Last 4 digits of Social Security number or ITIN 3546 |
|---|---|---|
| | First Name  Middle Name  Last Name | EIN __ - _____ |

| Debtor 2 | MOLLY SUSAN ABBOTT | Last 4 digits of Social Security number or ITIN 5836 |
|---|---|---|
| (Spouse, if filing) | First Name  Middle Name  Last Name | EIN __ - _____ |

United States Bankruptcy Court for the: Southern District of Texas - Brownsville
(State)

Case number: 20-10066

# Order of Discharge

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1228(a) is granted to:

_____Mark L. Abbott_____   [_____Molly Susan Abbott_____]

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

6/9/2023     By the court: _____
MM / DD / YYYY                Eduardo V. Rodriguez
                              Chief United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 12 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 12 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

**For more information, see page 2 ▶**

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans;

- debts provided for under 11 U.S.C. § 1222(b)(5) or (b)(9) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 12 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**